**Randall Lamont ROLLE,
Plaintiff–Appellant,**

v.

**J. L. EDMONDSON, Stephan P. Mickle,
William C. Sherrill, Jr., Philip Wayne
Edwards, Defendants–Appellees.**

No. 11–12576
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 20, 2011.

Randall Lamont Rolle, Lake Butler, FL, pro se.

Karin B. Hoppmann, Robert E. O'Neill, David Paul Rhodes, U.S. Attorney's Office, Tampa, FL, for Defendants–Appellees.

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Randall Lamont Rolle appeals the dismissal of his 42 U.S.C. § 1983 civil rights action for failure to state a claim pursuant to 28 U.S.C. § 1915A. Rolle argues the defendant judges and defendant prosecutor are not absolutely immune from suits for injunctive relief. After review, we affirm.[1]

Federal judges enjoy absolute immunity from suits seeking injunctive relief. *See*

---

1. We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.2006).

*Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.2000). Prosecutors, however, are not protected by absolute immunity from claims for injunctive relief. To obtain injunctive relief against a prosecutor, a plaintiff must establish (1) the violation of a right, (2) the existence of a serious risk of continuing irreparable injury from said violation if relief is not granted, and (3) no adequate remedy at law. *Id.*

Here, the district court did not err in finding absolute immunity protects the federal judges from Rolle's suit for injunctive relief. Although the district court erred in finding the prosecutor absolutely immune, the error is harmless because an adequate remedy at law is available to Rolle for the relief sought: appeal of his underlying petition. Thus, the district court did not err in dismissing Rolle's suit under 28 U.S.C. § 1915A.

**AFFIRMED.**

---

*Pro se* pleadings are liberally construed and all allegations in the complaint are taken as true. *Id.*